IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS RISICH | : | |
| | : | CIVIL ACTION |
| -v- | : | |
| | : | |
| BENSALEM TOWNSHIP, et al. | : | No. 04-cv-5305 |
| | : | |

**Diamond, J.**                                                                                  **October 21, 2005**

### MEMORANDUM

Thomas Risich brought this Complaint in November 2004, alleging that the Bensalem Police violated his federal civil rights and committed various wrongs under Pennsylvania state law by improperly citing him for a traffic offense and compelling him to defend himself in traffic court.  On February 17, 2005, I dismissed the civil rights claim pursuant to Fed. R. Civ. P. 12(b)(6), and declined to retain jurisdiction of the remaining state law claims.  See Risich v. Bensalem Township, 2005 U.S. Dist. LEXIS 2596 at *11-13 (E.D. Pa. Feb. 17, 2005).  I noted that "at this early stage of the litigation, there is no prejudice to either party if Plaintiff's complaint is dismissed in its entirety."  Id. at *12-13.

My February 17th Order actually issued on February 22, 2005.  Federal law provides that the statutes of limitation governing Plaintiff's state law claims were tolled for 30 days after issuance of my Order -- until March 24, 2005.  28 U.S.C. § 1367(d) (2004).  Evidently, Plaintiff's counsel misunderstood the law with regard to his state law claims:

> [Plaintiff's Counsel]: . . . in the [February 17th] order it says dismissed with prejudice in its entirety . . . .  And apparently because of that language, we didn't feel we had the ability to transfer the case to State Court.

(Trans. of Oct. 14, 2005 Oral Arg. at 3).

Accordingly, on March 21, 2005 – during the 30-day tolling period provided by § 1367(d) – Plaintiff moved for relief pursuant to Fed. R. Civ. P. 60(b)(6), contending as follows:

> Plaintiff Thomas Risich was prejudiced by this [February 17th] Order in that [Plaintiff's state law] claim[s] no longer fall within the statute of limitations and therefore [Plaintiff] is unable to file his complaint with the [Pennsylvania state court].

(Petitioner's Mot. for Relief from Order per Fed. R. Civ. P. 60(b)(6) at p. 2-3).

Defendants countered that under 28 U.S.C. § 1367(d):

> [t]he statute of limitations was tolled regarding state law claims for thirty (30) days for the [February 17, 2005] Order . . . and plaintiff had the opportunity to pursue the matter in State Court had he chosen.  Having failed to do so, plaintiff cannot now contend prejudice by his own failures.

(Defendant's Brief in Opp. to Plaintiff's Mot. for Relief from Order Per Fed. R. Civ. P. 60(b)(6).)

At oral argument, Plaintiff explained that he seeks "an opportunity to have the case transferred to State Court." (Trans. of Oct. 14, 2005 Oral Arg. at 2). Accordingly, Plaintiff asks me to vacate and then immediately reinstate my February 17th Order and remand the case to state court, thus re-starting the thirty day tolling clock under § 1367(d).  (Id. at p. 3-4).

I decline to grant Plaintiff the relief he seeks.  Rule 60(b)(6) authorizes me to "relieve a party from a final judgment, order or proceeding for any . . . reason justifying relief from the operation of the judgment."  The Third Circuit has held that the Rule "provides an extraordinary remedy, and may be invoked by the showing of exceptional circumstances." Boughner v. Secretary of Health, Ed. and Welfare, U.S., 572 F.2d 976, 978 (3d Cir. 1978) (internal citations omitted).  The party seeking relief under the Rule has the burden of showing that without such relief, an extreme and unexpected hardship would result. Id. (citing United States v. Swift, 286

U.S. 106, 119 (1932)).

Risich contends that because his state law claims are now time-barred, my February 17th Order has created an "extreme and unexpected hardship" warranting relief under Rule 60(b)(6). I disagree.

Under § 1367(d), Plaintiff had until March 24, 2005 to re-file his complaint in state court. His failure to re-file – and *not* my February 17th Order – has caused the hardship from which Plaintiff seeks "relief." In these circumstances, Plaintiff's entitlement to relief under Rule 60(b)(6) is highly dubious. See Lee v. Toyota Motor Sales, U.S.A., Inc., 1997 U.S. Dist. LEXIS 6889 at *4 (E.D. Pa. May 16, 1997) ("ignorance of the rules of court" is not an "exceptional circumstance" justifying relief under Rule 60(b)). See also Quality Prefabrication, Inc. v. Daniel J. Keating Co., 675 F.2d 77, 79 n.3 (3d Cir. 1982) (counsel's failure to respond to a motion because of unfamiliarity with federal practice was not "excusable neglect" warranting relief under Rule 60(b)).

In any event, Plaintiff has another means of proceeding in state court. Under § 1367(d), "[t]he period of limitations for any claim . . . shall be tolled while the claim is pending and for a period of 30 days after it is dismissed *unless State law provides for a longer tolling period*" (emphasis added). Pennsylvania law provides for such an extended tolling period: if a matter is originally filed within the statute of limitations in the federal court, but is then dismissed for lack of jurisdiction, the litigant may then effect a transfer of the action to state court by "filing a certified transcript of the final judgment of the United States court and the related pleadings in a court or magisterial district of [the] Commonwealth." 42 Pa. Cons. Stat. Ann. § 5103(b) (West 2000). Section 5103 makes clear that "it is not necessary that the federal court transfer the case

or take other action following the determination that federal jurisdiction is absent." Williams v. F.L. Smithe Machine Co., Inc., 577 A.2d 907, 909 (Pa. Super. 1990). Once an order is entered by the federal court dismissing the matter for lack of jurisdiction, "[i]t is then incumbent upon the litigant to take further action under the statute to move the case to state court." Id.

Section 5103 does not specify the period within which the litigant must act to effect a transfer, but Pennsylvania courts have held that the statute requires litigants to act "promptly." See Collins v. Greene County Memorial Hosp., 615 A.2d 760 (Pa. Super. 1992). At oral argument, Plaintiff acknowledged that he had requested a certified copy of my final judgment in this case with the apparent intention of transferring the case pursuant to § 5103. (Trans. of Oct. 14, 2005 Oral Arg. at 8). Unless the Pennsylvania state courts find that Plaintiff did not act promptly in transferring the case, Plaintiff will be permitted to proceed in state court. Thus, Plaintiff's motion for relief under Rule 60(b)(6) is premature. Only if the Pennsylvania courts do not allow Plaintiff to proceed under § 5103 could Plaintiff even suggest that he has suffered "unexpected hardship," warranting relief under Rule 60(b)(6).

The Motion for Relief From Order Pursuant to Fed. R. Civ. P. 60(b)(6) is **DENIED**. An appropriate order follows.

BY THE COURT:

_____
PAUL S. DIAMOND, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS RISICH | : | |
| | : | CIVIL ACTION |
| -v- | : | |
| | : | |
| BENSALEM TOWNSHIP, et al. | : | No. 04-cv-5305 |
| | : | |

**O R D E R**

**AND NOW** this 21st day of October, 2005, upon consideration of Plaintiff's Motion for Relief from Order Per Fed. R. Civ. P. 60(b)(6), the Response of Defendant, and any related submissions, it is **ORDERED** that the Motion is **DENIED**.

The Clerk's Office shall close this case for statistical purposes.

_____**AND IT IS SO ORDERED.**

_____
Paul S. Diamond, J.

5